IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

ANDRE DOTSON,

    Plaintiff,

vs.                                    No. 08-1181-JDB

TENNESSEE DEPARTMENT
OF CORRECTION, et al.,

    Defendants.

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY 2)
ORDER DIRECTING PLAINTIFF TO PAY FULL $350 CIVIL FILING FEE

---

On July 28, 2008, Plaintiff Andre Dotson, prisoner number 08115949, who is presently incarcerated as an inmate at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983, along with a petition and an application seeking leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the

proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

Dotson has filed numerous civil rights lawsuits in this district that were dismissed for failure to state a claim or as frivolous. In Dotson v. Gilless, et al., No. 00-2229-D/V (W.D. Tenn. Apr. 4, 2001), a § 1983 action dismissed as frivolous, Dotson was notified that, because he had filed three actions that had been dismissed as frivolous or for failure to state a claim, he is no longer eligible to file in forma pauperis actions.[1] See 28 U.S.C.

---

[1] Dotson had previously filed two civil rights action, which the court dismissed as frivolous. Dotson v. Gilless, et al., No. 99-2305-Tu/A (W.D. Tenn. Apr. 19, 1999)(dismissing § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B); Dotson v. City of Memphis, et al., No. 99-2533-Ml/V (W.D. Tenn.
(continued...)

§ 1915(g). The order in Case No. 00-2229-D/V also prohibited Dotson from filing further actions without leave of court and directed the Clerk "not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district."

Dotson then undertook efforts to circumvent the sanctions imposed against him by filing § 1983 actions in state court which were removed by the defendants to federal court. On four occasions, monetary sanctions have been imposed against the Plaintiff in connection with removed actions that were dismissed for failure to state a claim or as frivolous. Dotson v. Robert Moore, et al., No. 03-2840-Ma/P (W.D. Tenn. dismissed Aug. 2, 2004)(collecting cases); Dotson v. Shelby County, et al., No. 03-2566-Ma/P (W.D. Tenn. dismissed Jan. 28, 2004) (noting that "this is the sixth dismissal in this district of one of [Dotson's] cases as frivolous or for failure to state a claim"); Dotson v. Kennedy, et al., No. 02-2086-G/A (W.D. Tenn. dismissed Apr. 23, 2002); Dotson v. Gilless, et al., No. 02-2013-D/V (W.D. Tenn. dismissed Jan. 17, 2002).

It is necessary to consider whether the exception to the "three strikes" provision is applicable here. Dotson sues the Tennessee Department of Correction, the American Correction Association, Northwest Correctional Complex ("NWCX") Warden Tommy

---

¹ (...continued)
Aug. 2, 1999)(dismissing § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Mills, Associate Warden Alan Bargery, Captain Jones, Captain Joel Foster, Officer Eric Qualls, Officer Charles Boone, and Inmate Joseph Martin. In this case, Dotson alleges that he arrived at the Northwest Correctional Complex ("NWCX") on August 5, 2005, where he immediately noted inadequate security measures and staffing. Dotson claims that he filed a grievance which received a response that NWCX had adequate staffing.

Dotson contends that on May 2, 2007, he filed a grievance against Defendant Officer Charles Boone because Boone called him a snitch and other derogatory names. Boone allegedly threatened him because of the grievance. Dotson also submits that a knife fight between gang members and Muslim inmates erupted on October 9, 2007. Although Dotson was not involved in that fight, he alleges that he is Muslim. On October 11, 2007, Dotson maintains that an unnamed prayer leader warned Muslim inmates to be careful because gang members had told him a Muslim inmate would be attacked. Later that day, Dotson was attacked and stabbed by Defendant Martin, a known gang member. He contends that the attack was the result of improper or inadequate staffing and security measures.

Dotson received medical treatment for his injuries. After an investigation, he was not found to be the aggressor but was placed in protective custody status. The Plaintiff was subsequently transferred to another institution which caused him the loss of his prison job. Defendant Martin was indicted for aggravated assault. Dotson seeks declaratory and injunctive relief and compensatory damages.

The Plaintiff is presently housed at the Shelby County Jail awaiting retrial on recently reversed robbery convictions. See State v. Dotson, 254 S.W.3d 378 (Apr. 28, 2008). His allegations do not reveal any imminent danger of serious physical injury which is sufficient to permit him to proceed in forma pauperis under the exception to § 1915(g). Dotson's claims are not sufficient to qualify for the exception to 28 U.S.C. § 1915(g) and he may not litigate them without first tendering the civil filing fee.

Based on Dotson's current status, his application to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ORDERED to remit the entire $350 civil filing fee within thirty (20) days of the date of filing of this order. Failure to do so will result in dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.

Plaintiff has yet to be granted permission to file this complaint; therefore, no further action will be taken on his case until the full filing fee is remitted. Upon payment of the filing fee, Plaintiff's complaint is subject to screening, at which time the Court will determine whether Dotson's complaint, as filed, merits service or dismissal.

IT IS SO ORDERED this 30th day of July, 2008.

                                        s/J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE